IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**QUANTEL SAUNDERS,**

  **Plaintiff,**

v.            CIVIL ACTION NO: 2:20-cv-00220

**JOHN FRAME, RICHARD TONEY,
ANDREW HILL, RYAN HILL,
MIKE BUZZARD, SCOTT SMITH and
UNIDENTIFIED SRT TEAM OFFICERS.**

  **Defendants.**

# COMPLAINT

Comes now the Plaintiff, Quantel Saunders, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

## PARTIES

1. Plaintiff was incarcerated at the Mount Olive Correctional Complex (hereinafter MOCC). Plaintiff incorporates and references the statement of claim and affidavits filed with his original complaint as though they were made a part hereto.

2. Defendant John Frame was the Associate Warden of Security at MOCC, who, according to other correctional officers, was responsible for the unlawful restraint policy complained of herein.

3. Defendant Richard Toney was the captain/SRT Instructor at MOCC, was present and participated in the shakedown that occurred on or about March 26, 2018, and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

4. Defendant Andrew Hill was the Lieutenant at MOCC, was present and participated in the shakedown that occurred on or about March 26, 2018 and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

5. Defendant Ryan Hill was a Sargent at Northern Correctional Facility, was present and participated in the shakedown that occurred on or about March 26, 2018, and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

6. Defendant Scott Smith was a Correctional Officer at Hustonville Correctional Complex, was present and participated in the shakedown that occurred on or about March 26, 2018, and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

7. Defendant Mike Buzzard was a Correctional Officer at Hustonville Correctional Complex, was present and participated in the shakedown that occurred on or about March 26, 2018 and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

8. Defendants John Doe/unidentified SRT team officers were present and participated in the shakedown that occurred on or about March 26, 2018 and had direct knowledge of the unlawful restraint policy as well as the pain and suffering inflicted on plaintiff and other inmates.

## FACTUAL BACKGROUND

9. At approximately 11:30 a.m., members of a multi-facility Special Response Team[1] (hereinafter SRT) entered Quilliams II, Pod 4 at for a surprise search of the unit/cells.

10. When the SRT entered Pod 4, several inmates housed upon the top tier began

---

[1] Many of the SRT members are COs employed at facilities other than the MOCC.

yelling to each other, making fun of the SRT.  (Plaintiff was housed on the bottom tier).  While removing inmates from their top tier cells, several SRT members began yelling at the inmates in irritation, then forcefully removed inmates from the pod for talking.

11. Soon thereafter, Defendants Buzzard and Ryan Hill became engaged in an argument with the inmate who was housed in cell #401, Charles Lively.  Without cause or warning, Defendant Buzzard sprayed inmate Lively with chemical agents, immediately after which Defendant R. Hill shot inmate Lively two (2) times with a 40mm tactical weapon.

12. At this time, Defendant Toney began yelling at the various SRT members to get inmates out of the pod.  During the process, Plaintiff's hands were cuffed behind his back.  Plaintiff informed the officers that he had a prior shoulder problem and that he was not to be cuffed behind his back.  When he mentioned this to the unidentified SRT defendants, they ignored the request and told plaintiff "too bad."

13. The unknown SRT members then escorted Plaintiff out of the pod and onto the outdoor recreation yard, where plaintiff was led to a one-man security cage.  Despite plaintiff's complaints of shoulder pain and despite being put into a one-man cell, Defendants Smith and Buzzard were heard telling the SRT members to "leave their restraints on."  Plaintiff was placed into the cage without relief, explaining that the choice was "up to the captain."  Defendant Toney was the 'captain' in reference.  Leaving plaintiff and others in restraints was entirely unnecessary and was a violation of the WVDOC's Policy Directive 307 that addresses the use of restraints.  Moreover, the training provided to defendants would have place them on notice that the excessive use of restraints was a violation of plaintiff's constitutional rights under the Eighth Amendment.

14. Plaintiff then overheard another inmate, Larry Cantrell, call to defendants Toney and Hill, who were physically present.  Inmate Cantrell asked that his restraints be loosened and/or removed, complaining of the severity to which they were tightened.  Plaintiff also asked

for his restraints to be loosened, as did several other inmates. Defendants Toney and Hill refused, stating that it wasn't up to them that it was "Frame's call."

15. Following this interaction, all SRT members and correctional staff exited the recreational yard. Plaintiff was left in full restraints, in pain, locked within a single-man security cage along with approximately seven other inmates in their own security cages.

16. During the time Plaintiff was locked in the security cage, the temperature outside was approximately 40-degrees. Plaintiff, who had been allowed only a shirt, pants, boxers, socks and shoes, quickly began to receive a chill in the outdoor cage he was placed in. Plaintiff was subsequently and periodically mocked by defendants about the weather conditions.

17. Approximately twenty to thirty minutes after being placed in the recreation yard, several unidentified SRT members returned and began taunting Plaintiff and other inmates about being outside in the cold. At this time, plaintiff and other inmates informed the SRT members of the pain being caused by their restraints. Plaintiff complained of shoulder and knee pain. Other inmates were expressing concern over the temperature as well as their cuffs. The unidentified SRT members continued their taunting until they exited the area. These conditions lasted for over two hours.

18. The cuffs resulted in severe pain to plaintiff's shoulder. Plaintiff sought medical treatment for his shoulder. Plaintiff's shoulder pain exists to this present day. Plaintiff has had x-rays and has been provided pain medicine. Plaintiff has not been provided an MRI.

19. Plaintiff affirmatively states that he has exhausted his administrative remedies and that he seeks recovery up to the amount of insurance available if applicable.

## COUNT I
## DELIBERATE INDIFFERENCE/CRUEL AND UNUSUAL PUNISHMENT- VIOLATION OF 42 USC §1983

20. Plaintiff incorporates by reference and realleges each and every allegation

contained in Paragraphs 1 through 19 as if set forth herein.

21.   Defendants Frame, Toney, A. Hill, R. Hill, Buzzard, Scott Smith and Does were at all times herein acting under the color of state law.

22.   These Defendants acted with deliberate indifference when they placed plaintiff, caused plaintiff or allowed plaintiff to be placed in the handcuffs that were excessively tight and behind plaintiff's back, thereby causing plaintiff to suffer severe injury to his shoulder.

23.   This deliberate conduct or indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy when the defendants left the cuffs on for an excessive period of time in violation of Policy Directive 307.  Moreover, these defendants (except Frame)[2] were personally and repeatedly told or heard that the cuffs were too tight, and that they were causing numbness in plaintiff's hands.  The deliberate indifference was further demonstrated by defendants when they placed plaintiff in an outdoor cage that was exposed to the elements when he did not have appropriate clothing for the conditions.  Finally, the defendants repeatedly mocked plaintiff and others by asking about the weather and temperature and by asking if they were having fun now.

24.   The Defendants acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983.

25.   The acts and omissions of the Defendants as described herein violated the Eighth Amendment to the Constitution of the United States of America and give rise to the action against the Defendants named herein.  The conduct as described herein by COs and SRT members that were onlookers or bystanders also subjects these individuals to liability for deliberate

---

[2] Frame, however, was responsible for the ongoing and excessive cuffing as stated by the COs.

indifference/cruel and unusual punishment because they were aware of and witnessed the conduct that was both a violation of policy and plaintiff's constitutional rights and took no steps to intervene.

26. As a direct and proximate result of the deliberate indifference/cruel and unusual punishment by the Defendants, Plaintiff was physically injured. Plaintiff's injuries are so serious that he required serious medical intervention.

27. The conduct described herein was cruel and unusual punishment and carried out with malicious and sadistic intent as evidenced by the pejorative remarks and ridicule of the plaintiff and other inmates by the defendants. Moreover, the conduct described herein was such that the defendants would have known that they were violating plaintiff's constitutional rights.

28. As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff, plaintiff incurred physical injury, pain and suffering and emotional distress.

29. The actions of the defendants were willful, wanton, reckless and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury.

30. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

## COUNT II
### EXCESSIVE FORCE-VIOLATION OF 42 USC §1983

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants harassed, assaulted and battered Plaintiff through the excessive use of restraints. This conduct was unwanted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm, humiliation, embarrassment, and emotional distress upon him and was carried out under the color of the law of the State of West

Virginia when defendants placed plaintiff in restraints in an outside cage for a period in excess of two hours. The conduct was known to be a violation of WVDOCR policy and was entirely unnecessary and unjustified. The conduct described herein deprived Plaintiff of his rights and privileges under the Constitution of the United States of America.

33. The excessive force used against Plaintiff by the Defendants was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from the excessive use of force and unreasonable intrusions on his bodily integrity.

34. The conduct of Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right be free from such excessive restraint under the Eighth Amendment. Defendants' acts, as set forth herein, were done while acting under the color of state law and rise to the level of cruel and unusual punishment and were clearly excessive.

35. Defendants' insults and mocking of plaintiff further demonstrates the retaliatory, malicious and sadistic intent of the defendants. These defendants would have knowledge that such conduct was wrong and was a violation of Supreme Court precedent and WVDOCR policy.

36. As a result of the aforementioned violation of Plaintiff's constitutional rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through Defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against Defendant as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment

interest, attorney's fees and expenses.   If applicable by law, plaintiff only seeks recovery up to the amount of insurance available.

    PLAINTIFF DEMANDS A TRIAL BY JURY.

        QUANTEL SAUNDERS,
        By Counsel,

        <u>/s/ Paul M. Stroebel</u>
        Paul M. Stroebel, Esquire (Bar #5758)
        Stroebel & Stroebel, PLLC
        Post Office 2582
        Charleston, WV   25329